IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY HUYNH NGUYEN, #A6023181,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY,<br><br>Defendant. | Civ. No. 20-00402 JMS-KJM<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the court is pro se Plaintiff Anthony Huynh Nguyen's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Nguyen alleges that the Hawaii Department of Public Safety violated the Eighth Amendment during his current pretrial detention at the Oahu Community Correctional Center ("OCCC"). For the following reasons, the Complaint is DISMISSED with partial leave granted to amend.

## I. STATUTORY SCREENING

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam). Claims or complaints that are frivolous, malicious,

fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint: Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a)(2) and (d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation"

falls short of meeting this plausibility standard. *Id.* at 678-79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[1]

Nguyen is a pretrial detainee who alleges that: (1) OCCC is overcrowded (Count I); (2) he is subjected to "mass lock-downs" and "'squat & cough' body cavity searches" (Count II); and (3) the OCCC's response to the COVID-19 pandemic has threatened his safety (Count III). Compl., ECF No. 1 at PageID # 5-7. He claims that the Department of Public Safety therefore violated the Eighth Amendment. *Id.* Nguyen seeks unspecified "injunctive and financial relief." *Id.* at PageID # 8.

///

///

---

[1] Nguyen's factual allegations are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

## III. DISCUSSION

A.  **Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

B.  **Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Nguyen names a single Defendant in his Complaint—the Hawaii Department of Public Safety. Because the Department of Public Safety is an agency of the State of Hawaii, Nguyen's entire action is barred by the Eleventh Amendment. *See Blaisdell v. Haw. Dep't Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [the plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."). Nguyen's claims against the Department of Public Safety are DISMISSED with prejudice. Nguyen may amend his pleading, however, to name a proper defendant or defendants.

In his request for relief, Nguyen states that he seeks "injunctive and financial relief." Compl., ECF No. 1 at PageID # 8. To the extent Nguyen seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived Nguyen of rights secured by the Constitution or federal statutes.

*See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities"). To the extent Nguyen seeks prospective injunctive relief, he must specify the relief he seeks and name as a defendant in his or her official capacity a state official who allegedly deprived Nguyen of rights secured by the United States Constitution or federal statutes. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (noting that "a party may seek prospective injunctive relief against an individual state officer in her official capacity"). If Nguyen chooses to file an amended pleading and identifies a proper defendant who allegedly violated his constitutional rights, he must remedy additional flaws in his claims, including those set forth below.

### C.     Fourteenth Amendment Claims

Nguyen alleges in Counts I, II, and III that certain conditions of his pretrial confinement at OCCC violated the Eighth Amendment. Compl., ECF No. 1 at PageID # 5-7. Where a pretrial detainee challenges conditions of confinement, however, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks omitted). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted

6

prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019) (citation omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979);[2] *see also Block v. Rutherford*, 468 U.S. 576, 583-85 (1984). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" *Bell*, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

Absent a showing of an expressed intent to punish by prison officials, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to

---

[2] Although *Bell* considered a claim under the Due Process Clause of the Fifth Amendment, the same standards apply under the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

'punishment.'" *Id.* at 539. Thus, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.]" *Id.* at 540.

Prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *id.* at 547, "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security," *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 322-23 (2012). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 540 n.23 (internal quotation marks omitted).

A pretrial detainee's conditions of confinement claim is governed by a purely objective standard. *See Gordon*, 888 F.3d at 1124-25.[3] A pretrial detainee

---

[3] The Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims, beyond denial of medical care, failure to protect, and excessive force claims, although *Gordon* suggests that it will. *See Gordon*, 888 F.3d at 1120, 1124 & n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)); *see also Pitts v. Ige*, 2019 WL 3294799, at *10 (D. Haw. July 22, 2019) (stating that deliberate indifference claims arising under the Fourteenth Amendment "are governed by a wholly objective standard").

must therefore show that: (1) a particular defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in similar circumstances would have appreciated the high degree of risk—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the detainee's injuries. *Id.*

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

### 1.     *Overcrowding at OCCC (Count I)*

Nguyen alleges in Count I that OCCC is unconstitutionally overcrowded because each housing unit and room "exceeds [its] maximum capacity." Compl., ECF No. 1 at PageID # 5. There is, however, no "one man, one cell principle lurking in the Due Process Clause[.]" *Bell*, 441 U.S. at 542 (quotation marks omitted). "While confining a given number of people in a given amount of space

9

in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment," *Bell*, 441 U.S. at 542, Nguyen fails to make any allegations of such hardship here. Nguyen does not identify the capacity of his housing unit and room, nor does he say how many inmates are being housed in them. He does not say how the number of prisoners in his housing unit and room puts him at substantial risk of suffering serious harm. Nor does he claim that a particular prison official has failed to take reasonable available measures to abate any such risk. Nguyen fails to state a claim based on alleged overcrowding at OCCC.

### 2.     *Lockdowns and Searches (Count II)*

Nguyen alleges in Count II that: (1) OCCC inmates are subject to "mass lock-downs" following "altercations and emergencies"; and (2) he is subjected to "'squat & cough' body cavity searches" whenever he reenters the housing facility from court and law library sessions. Compl., ECF No. 1 at PageID # 7.

Regarding the lockdowns, the Supreme Court has said that "there is no dispute that internal security of detention facilities is a legitimate governmental interest." *Block*, 468 U.S. at 586. Indeed, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of . . . pretrial

detainees." *Bell*, 441 U.S. at 546.  Thus, "the Government must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees."  *Id.* at 540.

Nguyen acknowledges that the lockdowns at OCCC occur in response to "altercations and emergencies."  Compl., ECF No. 1 at PageID # 7.  He also admits that the lockdowns only last up to twenty-four hours.  *Id.*  Nguyen fails to allege any facts suggesting that these lockdowns are not reasonably related to OCCC's interest in maintaining security.  Nor has he otherwise shown that the lockdowns amount to punishment.  *See Bell*, 441 U.S. at 540 ("Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.]").  He therefore fails to state a claim based on the lockdowns at OCCC.

Regarding the searches, Nguyen fails to state a claim because he does not allege that prison officials conducted these searches with an intent to punish or that the searches were unrelated to a legitimate governmental objective.  *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).  Nor does he make any allegations from which "punitive intent may be inferred."  *Id.*  As the Supreme Court has said, "[e]nsuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees,

11

convicted inmates, or both." *Bell*, 441 U.S. at 561.  Thus, Nguyen fails to state a Fourteenth Amendment claim based on the searches at OCCC.

### 3. *COVID-19 Response*

Nguyen alleges in Count III that OCCC's COVID-19 protocols endangered his health and safety.  Compl., ECF No. 1 at PageID # 6.  Specifically, Nguyen cites "in-house quarantining," releasing infected inmates into "areas of leisure" where other inmates could be infected, and guards who had tested positive but did not wear a face mask.  *Id.*  Nguyen fails to identify who allegedly violated his constitutional rights, how he was put at substantial risk of suffering serious harm, and how a particular prison official did not take reasonable available measures to abate that risk.  Nguyen does not claim to be elderly, have underlying health conditions, or otherwise be particularly vulnerable to contracting COVID-19.  He acknowledges that infected inmates were quarantined, and he does not claim that he was forced to live in close proximity with infected inmates.  Nor does he allege that so-called "areas of leisure" were not sanitized after infected inmates occupied them.  Moreover, Nguyen does not claim that the guards were contagious when they were not wearing face masks.  Nguyen fails to state a claim based on OCCC's COVID-19 protocols.

### D.   Fourth Amendment Claim

Although Nguyen claims in Count II that the "squat & cough" searches violate the Eighth Amendment, the court liberally construes his factual allegations to arise under the Fourth Amendment as well.[4]

The Ninth Circuit has recognized that the Fourth Amendment applies to the invasion of bodily privacy in prisons. *Bull v. City & Cty. of S. F.*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc).  "[T]he reasonableness of a particular search is determined by reference to the prison context." *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).  Assessing reasonableness under the Fourth Amendment requires the court to consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*, 441 U.S. at 559.  In *Bell*, the Supreme Court "held that a mandatory, routine strip search policy applied to prisoners 'after every contact visit with a person from outside the institution,' without individualized suspicion, was facially constitutional." *Bull*, 595 F.3d at 971 (quoting *Bell*, 441 U.S. at 558).  The policy at issue in *Bell* required a male inmate to "lift his genitals and bend over to spread his buttocks for visual inspection."  441 U.S. at 558 n.39; *see also Florence*, 566 U.S. at 334 ("[C]orrectional officials must be allowed to conduct an effective

---

[4] The Fourth Amendment was incorporated by the Due Process Clause of the Fourteenth Amendment and therefore applies to state actors.  *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

search during the intake process and . . . this will require at least some detainees to lift their genitals or cough in a squatting position.").

Here, because the allegedly "mandatory" searches apply to arrestees introduced into the general jail population for custodial housing, the court is required to evaluate Nguyen's constitutional claims "in the light of the central objective of prison administration, safeguarding institutional security." *Bell*, 441 U.S. at 547.  Even if the court "disagree[s] with the judgment of [corrections] officials about the extent of the security interests affected and the means required to further those interests," *id.* at 554, it may not engage in "an impermissible substitution of its view on the proper administration of [a corrections facility] for that of the experienced administrators of that facility," *Block*, 468 U.S. at 589.

Nguyen does not say who conducted the searches or when they occurred, and he does not describe exactly how officers performed the searches.  Nor does he allege that the searches involved any touching, that they were performed publicly, or that they were otherwise conducted in an unreasonable manner.  *See Michenfelder*, 860 F.2d at 332-33 ("[S]o long as a prisoner is presented with the opportunity to obtain contraband or a weapon while outside of his cell, a visual strip search has a legitimate penological purpose.").  Absent more, Nguyen fails to state a claim under the Fourth Amendment.

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave to amend. Nguyen may file an amended complaint on or before **November 23, 2020** that names a proper defendant and attempts to cure the deficiencies in his claims. Nguyen may not expand his claims beyond those already alleged in the original Complaint or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint. Claims that do not properly relate to his original pleading are subject to dismissal.

Nguyen must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Nguyen fails to timely file an amended complaint that cures

the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[5]

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Nguyen may file an amended pleading that attempts to cure the deficiencies in his claims on or before **November 23, 2020**.

(3) The Clerk is directed to send Nguyen a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

///

///

///

---

[5] Section 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

(4)  If Nguyen fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Nguyen v. State of Haw., Dep't of Public Safety*, Civ. No. 20-00402 JMS-KJM, Order Dismissing Complaint With Partial Leave To Amend